FILED

**NOT FOR PUBLICATION**

FEB 15 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURPREET SINGH BHASIN, | No. 09-56889 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01181-VBF-CW |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted February 11, 2011[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and BEA, Circuit Judges.

Gupreet Singh Bhasin ("Bhasin"), a citizen of Kuwait, appeals from the

district court's dismissal of his First Amended Complaint under Rules 12(b)(1) and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(6) for failure to state a claim and for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and affirm the dismissal with prejudice.

Because the United States Citizenship and Immigration Services ("USCIS") vacated its September 15, 2008 denial of the I-130 visa petition filed by Bhasin's then-wife, Harveen Keith ("Keith"), the denial is not a "final agency action" under 5 U.S.C. § 704 and is not subject to judicial review under the Administrative Procedure Act (APA). *See Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). Therefore, the district court correctly concluded that Bhasin's First Amended Complaint failed to state a claim under the APA, and that further amendments would be futile.

Because the proceedings were reopened and Ms. Keith then withdrew the I-130 petition, the district court correctly concluded that it lacked Article III jurisdiction due to mootness. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, No. 07-16326, 2011 WL 43709 at *11 (9th Cir. 2011) (en banc) (explaining that Article III standing "must be demonstrated at the successive stages of the litigation") (internal quotation marks omitted). Under 8 C.F.R. 103.2(b)(6), Keith had the right to withdraw the I-130 petition at any time. *See Menezes v. INS*, 601 F.2d 1028, 1030 n.3 (9th Cir. 1979). Keith's doing so thus mooted Bhasin's challenges to the denial of the petition. Therefore, when the district court dismissed Bhasin's action, there

was no longer a case or controversy sufficient to satisfy Article III standing requirements.

Nor can Bhasin allege any set of facts upon which we could grant his requested relief. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) ("to satisfy Article III's standing requirements, a plaintiff must show . . . it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision"); *Feldman v. Bomar*, 518 F.3d 637, 643 (9th Cir. 2008) (holding that claims are moot when the court lacks "the power to grant any effective relief"). Contrary to Bhasin's assertions, USCIS did not initially deny the I-130 on the basis of marriage fraud, but rather because Keith, the petitioner, failed to carry her burden of demonstrating a bona fide marriage. The I-130 was subsequently withdrawn by Keith, and we cannot grant the relief requested because Bhasin is no longer the beneficiary of an I-130 petition.[1]

To establish equitable estoppel, Bhasin must allege that the government engaged in "affirmative misconduct" by reopening the I-130 petition. *See Socop-*

---

[1]Bhasin's allegations of USCIS's five-year delay in adjudicating the I-130 are insufficient to establish standing now that the I-130 has been withdrawn. Moreover, it bears noting that USCIS did not receive a copy of the final resolution in the pending prosecution of Bhasin for health care fraud until two years after the I-130 was filed. Thus, Bhasin's allegations regarding the agency's delay fail to account for his own role in causing this delay.

*Gonzalez v. INS,* 272 F.3d 1176, 1184 (9th Cir. 2000) (en banc). Bhasin cannot allege any facts in support of this argument because USCIS was required to inform the petitioner, Keith, of the agency's reopening of the I-130. *See* 8 C.F.R. § 103.5(a)(5)(ii). Keith's subsequent withdrawal of the petition was not the result of the government's affirmative misconduct; Keith retained the right to withdraw her sponsorship of the I-130, and Bhasin has not alleged any facts to suggest that she was coerced into doing so. *See* 8 C.F.R. 103.2(b)(6).

The district court correctly dismissed Bhasin's complaint with prejudice. The court had already given Bhasin one chance to amend his complaint, and we agree that, under the circumstances presented here, further amendments would be futile.

**AFFIRMED.**